UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK L. HOUSTON,
   Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
   Defendant.

Case No. 1:13-cv-720

Weber, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding pro se and *in forma pauperis*, initiated this Social Security appeal on October 9, 2013 against defendant Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) regarding a denial of social security benefits. (Doc. 2). Plaintiff was informed by the Court to promptly notify the Court of any changes in plaintiff's address which may occur during the pendency of this lawsuit. (Doc. 3). After certified mail addressed to plaintiff was returned by the Post Office as "Unclaimed" on March 6, 2013, this Court entered an Order to Show Cause on March 10, 2014, directing plaintiff to show cause why this case should not be dismissed for lack of prosecution and for failure to obey a Court Order. (Doc. 18). Plaintiff's response to the Court's Order was due on or before March 31, 2014. (*Id.*). The record demonstrates that plaintiff received this Order on March 17, 2014, via certified mail. (Doc. 19). As of the date of this Order, plaintiff has not filed a response to the Show Cause Order.

    Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse

mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's case be **DISMISSED** in its entirety for want of prosecution and for failure to obey an Order of the Court; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 4/15/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICK L. HOUSTON,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:13-cv-720

Weber, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Patrick L. Houston
1621 Linn Street #1214
Cinti, OH 45214

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

7011 3500 0001 5345 5543

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540